MARY A. BOWERS, RESPONDENT, v. ALONZO BEEKMAN, IMPLEADED WITH OTHERS, APPELLANTS.

*Will — construction of — when power of alienation illegally suspended.*

APPEAL from an order overruling a demurrer to the complaint interposed by the defendant, Alonzo Beekman. The action was brought for the partition or sale of the premises described in the complaint; whether or not it could be maintained depended upon the validity of an attempted devise thereof.

Thomas Beekman, the testator, died leaving seven children and real and personal property. The testator in his will says, that three of his children "are well off as to wordly goods," and that, therefore, he gives to each of them ten dollars as a remembrance. The will then provides as follows : " As to all the rest, residue and remainder of my estate, real and personal, I give, devise and bequeath, in manner following, to my children, Alonzo, Malvina, Oscar and Amanda Matilda ; the personal estate to be divided between them or to be sold, and the moneys arising therefrom to be divided between them by my executors as they may think best. As to the real estate, the said Alonzo, Malvina, Oscar and Amanda Matilda to have and to hold the same for and during the life of the longest lives of them, they, during that time, equally to receive the rents, issue and profits thereof ; and whereas my son Gerard holds real estate in common with me, and whenever he chooses to dispose of the same, which I give him hereby power to do, my portion of the proceeds of such sale to be placed out on good bond and mortgage on real estate by my executors, and the money arising from the interest thereof to be equally divided between my children, Alonzo, Malvina, Oscar and Amanda Matilda, or the survivor or survivors of them during the life of the longest lives."

The court at General Term said : " It would seem that the testator designed to give nothing beyond ten dollars to the three children who were well off; but, in devising the real estate, he seems carefully to give only a life estate to the four remaining children. He seems so careful to do that, that in case of sale by

the co-owner, the proceeds were to be put at interest, and the interest only to be paid to them during the life of the longest lives of them. The will goes no further. It does not dispose of the land after the end of the life estate, nor of the proceeds of the land, if the same should be sold by the joint-owner. The life estate in the land is not good. It suspends the power of alienation for more than two lives. There is no disposition of the fee after the life estate thus attempted to be created ends. The land must, therefore, have descended to the heirs-at-law, and the plaintiff's complaint should be sustained."

Judgment affirmed, with costs.

*P. L. McClellan,* for the appellant.

*C. W. Pleasants.* for the respondents.

Opinion by BARNARD, P. J.; GILBERT, J., concurred; DYKMAN, J., not sitting.

Order overruling demurrer affirmed, with costs and disbursements.